# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  55727-4-II |
| Respondent, | |
| v. | |
| TERAWON ANTONIO SMITH, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Terawon A. Smith appeals his conviction for theft of a firearm, arguing his convictions for both first degree robbery and theft of a firearm violate double jeopardy.  The State concedes the convictions violate double jeopardy.  Smith also raises three additional claims challenging his convictions in a statement of additional grounds (SAG).[1]

We accept the State's concession and remand for the trial court to vacate the conviction for theft of a firearm.  Smith's SAG claims fail.

## FACTS

A jury found Smith guilty of first degree robbery, theft of a firearm, and second degree unlawful possession of a firearm.  Prior to sentencing, Smith filed a motion to vacate the conviction for theft of a firearm based on double jeopardy.  Smith argued that both charges were based on a single physical confrontation resulting in taking one firearm.  The trial court declined to vacate the

_____

[1] RAP 10.10.

theft of a firearm conviction on double jeopardy grounds, but the trial court found that the first degree robbery and theft of a firearm were same criminal conduct and did not enter a sentence for theft of a firearm.

Both the State and Smith argued for a low-end, standard range sentence of 51 months on the first degree robbery. The trial court imposed a standard range sentence of 51 months on the first degree robbery and a concurrent 8 month sentence on the unlawful possession of a firearm.

Smith appeals.

ANALYSIS

I. DOUBLE JEOPARDY

Smith appeals his conviction for theft of a firearm arguing that it violates double jeopardy. The State concedes that the conviction for theft of a firearm violates double jeopardy and should be vacated. We accept the State's concession and remand to the trial court to vacate the conviction for theft of a firearm.

Both the double jeopardy clauses of the state and federal constitutions protect against multiple punishments for the same offense. *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 815, 100 P.3d 291 (2004). To determine if multiple convictions violated double jeopardy, we first look to the relevant statutes to determine whether the legislature intended the offenses to be the same. *Id.* If there is no explicit statement of legislative intent, "Washington courts apply a rule of statutory construction that has been variously termed the 'same elements' test, the 'same evidence' test, and the *Blockburger* test."[2] *Id.* at 816. Under this test, we determine whether one offense

---

[2] *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932).

requires proof of an element that the other does not, either based on the statutory elements or the specific facts used to prove the elements in a specific case. *Id*. at 818-19.

As the State points out, "In the abstract, theft of a firearm requires proof of a fact that robbery does not." Br. of Resp't at 3. Smith was guilty of first degree robbery if, in the immediate flight from a robbery, he was armed with a deadly weapon or displayed what appears to be a firearm or deadly weapon. RCW 9A.56.200(1)(a)(i), (ii). And under RCW 9A.56.300, Smith was guilty of theft of a firearm if he "commits a theft of any firearm." However, here, both the first degree robbery and the theft of firearm were based on the same evidence of a single taking of a firearm. There was no other property taken from the victim. Therefore, there is nothing distinguishing the evidence used to support the first degree robbery conviction from the theft of firearm conviction. The State concedes that Smith's convictions relied on the same evidence to prove the elements of each offense and, therefore, violate double jeopardy. We accept the State's concession that Smith's convictions for first degree robbery and theft of a firearm violate double jeopardy. Accordingly, we remand to the trial court to vacate the conviction for theft of a firearm.

## II. SAG

Smith raises three claims in his SAG. First, Smith claims he is entitled to relief under CrR 7.8 because the trial court failed to take into account that intoxication contributed to his offense and should have sentenced Smith to inpatient treatment rather than prison. Second, Smith claims that he is entitled to relief from his judgment and sentence because all his charges were tried together. Third, Smith alleges that his convictions are not valid on their face. The SAG claims fail.

First, Smith did not file a CrR 7.8 motion at the trial court, and this court does not hear CrR 7.8 motions unless they are transferred to this court for consideration as a personal restraint petition. Further, Smith did not ask for the court to consider any kind of alternative sentence based on his drug use. And we do not consider arguments raised for the first time on appeal. RAP 2.5(a). Accordingly, we do not consider Smith's claim that the trial court should have sentenced him to inpatient treatment.[3]

Second, Smith argues his charges and counts should not have been tried together. However, all of the charges resulted from a single incident. Under CrR 4.3(a)(2), offenses may be joined when they are based on the same conduct. Because Smith's charges were all based on a single incident, they were properly joined. Therefore, Smith's claim fails.

Third, Smith alleges his convictions are invalid on their face. However, Smith does not provide additional information that would identify the nature and occurrence of the alleged error as required by RAP 10.10(c). Accordingly, we do not further address this claim.

## CONCLUSION

We remand to the trial court to vacate Smith's conviction for theft of a firearm.

---

[3] To the extent that Smith's claim is a challenge to his sentence, rather than a claim that the trial court failed to consider a sentencing alternative, we note that a standard range sentence may not be appealed. RCW 9.94A.585(1).

No. 55727-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

WORSWICK, P.J.

VELJACIC, J.